Richard J. Reynolds, Esq.
Nevada Bar No. 11864
E-mail: rreynolds@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363   Fax: 949.863.3350

Phillip A. Silvestri (SBN 11276)
E-mail: psilvestri@silgid.com
Neal D. Gidvani (SBN 11382)
E-mail: ngidvani@silgid.com
SILVESTRI GIDVANI, P.C.
1810 East Sahara Avenue, Suite 1395
Las Vegas, NV 89104
Tel: 702.979.4597   Fax: 702.933.0647

Attorneys for Defendant MTC FINANCIAL INC. dba
TRUSTEE CORPS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VERN ELMER, an individual,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK NATIONAL ASSOCIATION, a National Association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Foreign Corporation; MTC FINANCIAL, INC., a Foreign Corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION, a Foreign Corporation; SCOTT B. DAVIS, an individual; KAREN L. DAVIS, an individual; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:14-cv-01999-GMN-NJKK<br><br>**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' MOTION TO DISMISS WITH PREJUDICE THE PLAINTIFF'S COMPLAINT** |

Defendant MTC FINANCIAL INC. dba TRUSTEE CORPS ("Trustee Corps"), by and through its counsel of record, moves the Court to Dismiss the Complaint (First, Second, and Third Claims) of Plaintiff VERN ELMER ("Plaintiff") *with prejudice* for failure to state a claim upon which relief may be granted. Trustee Corps is not named in the Fourth Claim for Preliminary and Permanent Injunction. This Motion is made and based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based upon the Memorandum of Points and Authorities submitted herewith, and upon all pleadings, papers and documents on file herein, together with those matters of which judicial notice has been requested, and any oral argument which may be presented at the time of the hearing.

Dated: December 5, 2014

Burke, Williams & Sorensen, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067


By: /s/ *Richard J. Reynolds*
    Richard J. Reynolds

    Phillip A. Silvestri
    Neal D. Gidvani
    SILVESTRI GIDVANI, P.C.
    1810 East Sahara Avenue, Suite 1395
    Las Vegas, Nevada 89104

    Attorneys for Defendants, MTC FINANCIAL INC. dba TRUSTEE CORPS

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | PROCEDURAL HISTORY | 3 |
| IV. | LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS | 3 |
| | A. General Pleading Requirements | 3 |
| | B. Construction Of Exhibits Referred To In A Complaint Or Attached To A Rule 12(B)(6) Motion | 4 |
| V. | TRUSTEE CORPS HAS NO DUTIES OTHER THAN THOSE SPECIFICALLY STATED IN THE DEED OF TRUST AND IN NEVADA'S NON-JUDICIAL FORECLOSURE STATUTES | 5 |
| VI. | PLAINTIFF CANNOT STATE A CLAIM FOR WRONGFUL FORECLOSURE AGAINST TRUSTEE CORPS | 6 |
| | A. There Is No Claim for Wrongful Foreclosure Against Trustee Corps | 6 |
| | B. Plaintiff Has No Claim For Violation of NRS 107.080 | 6 |
| VII. | PLAINTIFF CANNOT STATE HIS SECOND CLAIM FOR DECLARATORY RELIEF/QUIET TITLE AGAINST TRUSTEE CORPS | 8 |
| VIII. | PLAINTIFF CANNOT STATE HIS THIRD CLAIM FOR SLANDER OF TITLE AGAINST TRUSTEE CORPS | 10 |
| IX. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.,
   979 F.Supp.2d 1142 (D. Nev. 2013)..................................................................6

Albrecht v. Lund,
   845 F.2d 193 (9th Cir. 1988)............................................................................12

Allen v. City of Beverly Hills,
   911 F.2d 367 (9th Cir. 1990)............................................................................12

Ashcroft v. Iqbal,
   129 S.Ct. 1937 (2008).......................................................................................4

Barlow v. BNC Mortg., Inc.,
   2011 WL 4402955 (D. Nev.)...........................................................................10

Bell Atlantic v. Twombly,
   550 U.S. 544 (2007)..........................................................................................4

Chamanaeva v. Recontrust Company,
   2013 WL 655006 (D. Nev.)...............................................................................7

Clegg v. Cult Awareness Network,
   18 F.3d 752 (9th Cir. 1994)...............................................................................4

Dela Cruz v. HSBC Bank USA, N.A.,
   2012 WL 3536793 (D. Nev.).............................................................................8

Diaz v. Wells Fargo Bank,
   2013 WL 275888 (D. Nev.)...............................................................................9

First 100, LLC v. Wells Fargo Bank, N.A.,
   2013 WL 3678111 (D. Nev.).............................................................................9

Gomez v. Countrywide Bank, FSB,
   2009 WL 3617650 (D. Nev.).............................................................................5

Harlow v. MTC Fin. Inc.,
   865 F.Supp.2d 1095 (D. Nev. 2012)..................................................................5

Hendrickson v. Popular Mortgage Servicing, Inc.,
   2009 WL 1455491 (N.D. Cal.)..........................................................................5

Mayer v. Mylod,
   988 F.2d 635 (6th Cir. 1993).............................................................................3

Parks School of Business, Inc. v. Symington,
  51 F.3d 1480 (9th Cir. 1995).....................................................................................4

Premier One Holdings, Inc. v. BAC Home Loans Servicing LP,
  2013 WL 4048573 (D.Nev.) ....................................................................................11

Razawi v. F.D.I.C.,
  2009 WL 2914120 (E.D. Cal.) ..................................................................................9

Sanders v. Kennedy,
  794 F.2d 478 (9th Cir. 1986).....................................................................................4

Shwarz v. United States,
  234 F.3d 428 (9th Cir. 2000).....................................................................................4

Speigle v. First National Bank of Nevada,
  2012 WL 553135 (D. Nev.) ....................................................................................10

Turbay v. Bank of America, N.A.,
  2013 WL 1145212 (D. Nev.) ....................................................................................8

Tyler v. American Home Mortgage,
  2011 WL 5025234 (D. Nev.) ....................................................................................8

Villa v. Silver State Financial Services, Inc.,
  2011 WL 1979868 (D. Nev.) ....................................................................................8

Wagoner v. Mortgage Electronic Registration Systems, Inc.,
  2013 WL 1249628 (D. Nev.) ....................................................................................8

Washington & Sandhill Homeowners Ass'n v. Bank of America, N.A.,
  2014 WL 4798565 (D. Nev.) ..................................................................................11

Weingartner v. Chase Home Finance, LLC,
  702 F.Supp.2d 1276 (D. Nev. 2010).........................................................................5

Wensley v. Bank of Nevada,
  874 F.Supp.2d 957,968 (D. Nev. 2012).................................................................10

Wensley v. First Nat. Bank of Nevada,
  874 F.Supp.2d 957 (D. Nev. 2012)...........................................................................6

Wood v. Aegis Wholesale Corp.,
  2009 WL 1948844 (E.D. Cal. 2009).........................................................................9

**State Cases**

Banc of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.,
  180 Cal.App.4th 1090 (2009)....................................................................................5

Clay v. Scheeline Banking & Trust Co.,
    40 Nev. 9 (1916) .......................................................................................................... 8

Diediker v. Peelle Financial Corp.,
    60 Cal.App.4th 288 (1997) ......................................................................................... 5

I.E. Associates v. Safeco Title Ins. Co.,
    39 Cal.3d 281 (1985) .................................................................................................. 5

Investments Pool 1 v. U.S. Bank,
    334 P.3d 408 (2014) ............................................................................................ 1, 11

Pro Value Properties, Inc. v. Quality Loan Service Corp.,
    170 Cal.App.4th 579 (2009) ...................................................................................... 5

Residential Capital LLC v. Cal-Western Reconveyance Corp.,
    108 Cal.App.4th 807 (2003) ...................................................................................... 5

Rowland v. Lepire,
    99 Nev. 308 (1983) ................................................................................................... 10

**State Statutes**

N.R.S. § 40.010 .................................................................................................................. 8

N.R.S. § 47.150 .................................................................................................................. 4

N.R.S. § 107.080 ............................................................................................... 3, 5, 6, 7, 8

N.R.S. § 107.080(2) .......................................................................................................... 7

N.R.S. § 107.080(5)(b) ..................................................................................................... 8

N.R.S. § 107.080(6) .......................................................................................................... 8

N.R.S. § 116.3116 ........................................................................................................... 11

N.R.S. § 170.080 ............................................................................................................. 12

N.R.S. § 197.028(5) .......................................................................................................... 5

**Rules**

Fed. R. Civ. P. Rule 12(b)(6) ....................................................................................... 3, 4

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Vern Elmer ("Plaintiff") has brought "claims" in his Complaint which require dismissal with prejudice as to Trustee Corps. This case arises out of Defendants' conduct of a first trust deed lien foreclosure sale of real property subsequent to the recording of a foreclosure deed wherein Plaintiff allegedly purchased earlier the same real property pursuant to a delinquent assessment Homeowner's Association Lien.[1] Plaintiff is suing defendants for wrongful foreclosure, quiet title, and slander of title. Plaintiff has no basis to state these claims against Trustee Corp.

Plaintiff might have a quiet title claim, but not one that can be pleaded against Trustee Corps. Trustee Corps asserts no adverse interest in the real property at issue or any interest in a lien thereon.

Plaintiff does not have a wrongful foreclosure claim against Trustee Corps because in addition to other arguments, Plaintiff is neither a trustor nor mortgagor or akin to same under the subject first lien Deed of Trust. This claim is also time barred. Finally, Plaintiff has no slander of title claim against Trustee Corps because the grantee caused the subject Trustee's Deed Upon Sale ("TDUS") to be recorded. Further, Plaintiff is unable to plead facts or law to show malice on Trustee Corps' part when it prepared the TDUS and gave it to the grantee, or when it recorded a Notice of Default or Notice of Trustee's Sale. Further, as Plaintiff cannot state a wrongful foreclosure claim against Trustee Corps, Plaintiff cannot plead derivatively a slander of title claim against Trustee Corps since Trustee Corps has neither common law nor fiduciary duties but only statutory duties under the non-judicial statutory scheme.

As for Plaintiff's equitable claims, the equitable relief is derivative of the prior claims, and it is unnecessary as to Trustee Corps because again it has no adverse interest in the real property at issue or an interest in a lien thereon. Trustee Corps exercised the power of sale under a deed of trust. The grantee of the TDUS, which purchased the first trust deed lien, is the only party with

---

[1] These events took place *before* the Nevada Supreme Court's decision in Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (2014) which found that in certain circumstances a Homeowner's Association has super-priority lien over property and senior to a first trust deed lien.

an interest in the subject real property. Consequently, Plaintiff cannot assert any claims against Trustee Corps. The Court is requested to dismiss the Complaint against Trustee Corps without leave to amend.

## II. STATEMENT OF FACTS

Briefly, Plaintiff allegedly bought the subject real property on November 20, 2012 at a foreclosure sale conducted by trustee Nevada Association Services, Inc. ("NAS") pursuant a lien of delinquent assessment ("HOA Lien") of the Sunrise Ridge Master Homeowners Association ("Sunrise") (Complaint, ¶¶11, 26-23). According to Plaintiff, the HOA lien was a "super-priority' lien, which when it was foreclosed, purportedly "wiped out" the first lien deed of trust at issue in this suit (Id., ¶¶35-38).

By way of recorded documents, it is revealed that a Deed of Trust ("DOT") was recorded on September 2, 2005 (Request for Judicial Notice ("RJN"), A). The Borrowers are identified as Scott B. Davis and Karen L. Davis (collectively, "Davis" or "Plaintiffs"). The Lender is Mortgage House, Inc. ("Mortgage House"). Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary and the Lender's nominee. The Trustee is identified as TD Services Co. The Note secured by the DOT is in the amount of $248,000. The property securing the Note is identified as 6359 Pronghorn Ridge Avenue, Las Vegas, NV 89122 (the "Property").

A Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust ("First NOD") was recorded on January 11, 2011(RJN Exhibit B). The NOD reflects default with respect to the DOT as of June 1, 2010.

A Foreclosure Deed was recorded on November 27, 2012 (RJN, Exhibit L). The Foreclosure Deed reflects Plaintiff allegedly purchased the Property pursuant to a delinquent assessment Homeowner's Association Lien.

An Assignment of Deed of Trust ("First Assignment") wherein MERS assigned the DOT to JPMorgan Chase Bank, National Association ("Chase") was recorded on March 26, 2013 (RJN, Exhibit C).

A Substitution of Trustee ("First Substitution") was recorded on May 13, 2013 (RJN, Exhibit D). The Substitution substitutes Trustee Corps as foreclosure trustee under the DOT.

A Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust ("Second NOD") was recorded on August 16, 2013 (RJN, Exhibit E). The NOD reflects default of the DOT as of June 1, 2010. Attached to the NOD is an Affidavit of Authority in Support of Notice of Breach and Election to Sell [NRS §107.080]

A Notice of Rescission re First NOD ("Rescission") was recorded on October 8, 2013 (RJN, Exhibit F).

A Certificate of the State of Nevada Foreclosure Mediation Program ("First Certificate") was recorded on November 26, 2013 (RJN, Exhibit G).

A Certificate of the State of Nevada Foreclosure Mediation Program ("Second Certificate") was re-recorded on December 4, 2013 (RJN, Exhibit H).

A Notice of Trustee's Sale Important Notice to Property Owner ("NOTS") with reference to the DOT was recorded on December 17, 2014 (RJN, Exhibit I).

An Assignment of Deed of Trust ("Second Assignment") wherein Chase assigned the DOT to Federal Home Loan Mortgage Corporation ("Freddie") was recorded on March 18, 2014 (RJN, Exhibit J).

A Trustee's Deed Upon Sale ("TDUS") was recorded on March 18, 2014 is attached concurrently herewith as Exhibit K.

### III. PROCEDURAL HISTORY

The Complaint was filed in the Eighth Judicial District Court of Clark County, Nevada. Trustee Corp removed this case on the basis of diversity to this Court (Doc. #1).

### IV. LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS

#### A. General Pleading Requirements

A motion to dismiss is proper under Fed. R. Civ. P. Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Rule 12(b)(6) allows a defendant "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything in the alleged complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true.

Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Clegg v. Cult Awareness Network, 18 F.3d 752, 754-755 (9th Cir. 1994).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is proper only if the pleadings fail to allege enough facts so as to demonstrate a 'plausible entitlement to relief.' Bell Atlantic v. Twombly, 550 U.S. 544, 553-558 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Id. Only a complaint that states a plausible claim for relief survives a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2008) *citing* Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

### B.   Construction Of Exhibits Referred To In A Complaint Or Attached To A Rule 12(B)(6) Motion

As noted above, a court accepts as true the allegations in a complaint and construes them in favor of a plaintiff. "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court, and may consider documents that are referred to in the complaint whose authenticity no party questions." *See, e.g.,* Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000) (citations omitted). *See also,* N.R.S. §47.150. "[E]xhibits attached to the complaint, as well as matters of public record may be considered in determining whether dismissal was proper without converting to the motion to one for summary judgment. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Copies of officially recorded documents from the office of the Clark County Recorder are attached as exhibits to the accompanying Request for Judicial Notice.

///

## V. TRUSTEE CORPS HAS NO DUTIES OTHER THAN THOSE SPECIFICALLY STATED IN THE DEED OF TRUST AND IN NEVADA'S NON-JUDICIAL FORECLOSURE STATUTES

Common law does not impose any additional obligations on the foreclosure trustee other those *specifically* stated in the judicially noticed document above and the governing statutes. See, Weingartner v. Chase Home Finance, LLC, 702 F.Supp.2d 1276, 1290, 1291 (D. Nev. 2010) (*quoting* Pro Value Properties, Inc. v. Quality Loan Service Corp., 170 Cal.App.4th 579, 583, 88 Cal.Rptr.3d 381 (2009); and finding no general duty of care, but holding only duty as defined by Nevada foreclosure statutes); Diediker v. Peelle Financial Corp., 60 Cal.App.4th 288, 295, 70 Cal.Rptr.2d 442 (1997); Harlow v. MTC Financial Inc., 865 F.Supp.2d 1095, 1100 (D. Nev. 2012) [A trustee does not owe a fiduciary duty under a deed of trust pursuant to NRS §197.028(5).] Thus, the scope and nature of the trustee's duties are *exclusively* defined by the DOT above and the governing statutes. Banc of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc., 180 Cal.App.4th 1090, 1097-1098, 1104, 103 Cal.Rptr.3d 397 (2009) (trustee's rights, powers, and duties regarding notice of default and sale strictly defined and limited by statutory scheme; Legislature intended to protect trustees from costly litigation, and trustee's statutory duties cannot be expanded by courts). *No other common law duties exist.* Hendrickson v. Popular Mortgage Servicing, Inc., 2009 WL 1455491 at *7 (N.D. Cal.); Gomez v. Countrywide Bank, FSB, 2009 WL 3617650 at *8 (D. Nev.) (*accord*, citing Hendrickson); Pro Value Properties, Inc. v. Quality Loan Service Corp., *supra*, 170 Cal.App.4th at 583; I.E. Associates v. Safeco Title Ins. Co., 39 Cal.3d 281, 287-288, 702 P.2d 596 (1985). *See also*, Diediker v. Peelle Financial Corp., *supra*, 60 Cal.App.4th at 295; Residential Capital LLC v. Cal-Western Reconveyance Corp., 108 Cal.App.4th 807, 827-829, 134 Cal.Rptr.2d 162 (2003) (no common law expansion of tort obligations).

Therefore, because Trustee Corps' foreclosure duties are defined and limited by statute, in this case, N.R.S. §§ 107.080, *et seq.*, no claim in the instant case against Trustee Corps arising from its actions taken during the foreclosure process can be stated as argued further below.

///

///

## VI. PLAINTIFF CANNOT STATE A CLAIM FOR WRONGFUL FORECLOSURE AGAINST TRUSTEE CORPS

### A. There Is No Claim for Wrongful Foreclosure Against Trustee Corps

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale...Therefore, the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." Collins v. Union Fed.Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983).

Plaintiff does not plead it is a trustor or mortgagor under the DOT nor that anyone tendered under the DOT; consequently, it cannot plead this common law tort against Trustee Corps.

In an action where a purchaser of a Homeowner Association lien sued Trustee Corps for wrongful foreclosure, the U.S. District Court in 7912 Limbwood Court Trust v. Wells Fargo Bank, N.A., 979 F.Supp.2d 1142, 1146 (D. Nev. 2013) held:

> "As to the wrongful foreclosure claim against MTC, a trustee under a deed of trust owes no duties beyond those imposed by the deed of trust and applicable foreclosure statutes. *Harlow v. MTC Fin. Inc.,* 865 F.Supp.2d 1095, 1100 (D. Nev. 2012). Plaintiff has not alleged MTC breached the deed of trust or any requirement imposed by the foreclosure statutes. Rather, Plaintiff asserts a common law wrongful foreclosure claim. *See Collins v. Union Fed. Sav. & Loan,* 99 Nev. 284, 662 P.2d 610, 623 (1983). The Court therefore will dismiss Plaintiff's wrongful foreclosure claim against MTC."

A "common law wrongful" foreclosure claim cannot be made against Trustee Corps. Further, Plaintiff certainly does not plead a breach of the deed of trust nor violation of the statutory scheme by Trustee Corps, as discussed directly below.

### B. Plaintiff Has No Claim For Violation of NRS 107.080

Plaintiff has no claim under NRS 107.080, and Plaintiff's pleading makes no claim of a breach under the DOT. Plaintiff contends Defendants foreclosed without authority to do so under Nev. Rev. Stat. § 107.080. This has been construed to *still* be a *claim for wrongful foreclosure* even though based on violation of state recording and foreclosure statutes. In addressing an alleged violation of NRS § 107.080 et seq., the U.S. District Court in Wensley v. First Nat. Bank of Nevada, 874 F.Supp.2d 957, 964,965 (D. Nev. 2012) held:

> "Plaintiff's fifth cause of action, violation of Nev. Rev. Stat. § 107.080 *et seq.*, appears to allege that Defendants foreclosed without authority to do so under Nev. Rev. Stat. § 107.080, which we construe to be a claim for wrongful foreclosure based on violation of state recording and foreclosure statutes."

As such and as already discussed, Plaintiff does not plead he is a trustor or mortgagor under the DOT, someone under the trustor or mortgagor, or that he tendered, and therefore, he can make no claim for wrongful foreclosure, *including but not limited to, a claim for damages.*

The reading of the above case law is consistent with the fact that Plaintiff cannot raise a claim based on violation of NRS 107.080 in connection with the foreclosure sale. The intent of Nevada's foreclosure scheme is to an provide an interested party in the event of a default under a deed of trust with the ability to cure the default or tender by insuring the foreclosure process is carried out properly.

> "It is clear from a reading of NRS 107.080 that the legislature intended that a purchaser of real estate who is a grantor of a deed of trust should have a reasonable opportunity to cure a default or deficiency before the property may be sold by the trustee, and that such opportunity should be extended to one who holds under such a grantor." Title Ins. and Trust Co. v. Chicago Title Ins. Co., 97 Nev. 523, 527 (1981).

Plaintiff is abusing the statutory scheme by asserting this claim. In the instant case, there is no suggestion of using the statute's intent of having a reasonable time for curing a default. Neither the borrower/trustor nor anyone holding under the borrower/trustor is using the statutory scheme to cure potentially a default or deficiency before the Property was sold consistent with the requirements set forth in the statutory scheme. Plaintiff claims neither to be a trustor nor borrower under the deed of trust nor someone claiming under the DOT.

Further, Plaintiff pleads a violation of NRS 107.080(2.)(c) by "Defendants." This statutory section and sub-section addresses the *numerous technical requirements* for proper recording and preparation of a notice of default and the accompanying affidavit. However, Plaintiff does not plead *what* in the notice of default or in the accompanying affidavit was defective or deficient. "… [B]roadly asserting a violation of N.R.S. § 107.080 et seq, without identifying any specific provisions which Defendant is alleged to have violated" is insufficient pleading. See, Chamanaeva v. Recontrust Company, 2013 WL 655006 (D. Nev.) *3.

Additionally, "Plaintiff does not specify violations by individual Defendants, and instead alleges that Defendants violated sections 107.080 ." <u>Wagoner v. Mortgage Electronic Registration Systems, Inc.</u>, 2013 WL 1249628 *4 (D. Nev.). Nothing is pleaded factually to show a specific deficiency or defect in the content of the NOD.

Further, the time for filing a claim for violation of NRS 107.080 is time barred. The claim has to be made forty five days after the sale under NRS 107.080 (5.)(b). In the alternative, if proper notice was not received, the claim has to be made sixty days after actual notice under NRS 107.080(6.). A Foreclosure Deed was recorded on <u>November 27, 2012</u> reflecting Plaintiff allegedly purchased the Property pursuant to a delinquent assessment Homeowner's Association Lien. The TDUS was recorded <u>March 18, 2014</u>. That is almost sixteen months after the foregoing Foreclosure Deed was recorded, and suit was not filed until <u>October 21, 2014</u>, which is approximately seven months after the TDUS was recorded. *Plaintiff has not pleaded factually when he received <u>actual notice</u> of the sale, and Plaintiff does not plead that notices pursuant to the non-judicial foreclosure statutory scheme were neither mailed to nor posted on the Property.* The claim is now time barred.

## VII. PLAINTIFF CANNOT STATE HIS SECOND CLAIM FOR DECLARATORY RELIEF/QUIET TITLE AGAINST TRUSTEE CORPS

In Nevada, a quiet title action may be brought, "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NEV. REV. STAT, § 40.010. "The very object of the proceeding assumes that there are other claimants adverse to the Plaintiff, setting up titles and interests in the land or other subject-matter hostile to his [own]." <u>Clay v. Scheeline Banking & Trust Co.</u>, 40 Nev. 9, 16, 159 P. 1081, 1082 (1916). "A quiet title claim requires a plaintiff to allege the defendant is unlawfully asserting an adverse claim to title to real property." <u>Turbay v. Bank of America, N.A.</u>, 2013 WL 1145212 (D. Nev.) *4.[2] "[M]ere recitals of the elements of a

---

[2] The claim is essentially one for quiet title. Declaratory relief is not a claim but is a form of relief. See, <u>Villa v. Silver State Financial Services, Inc.</u>, 2011 WL 1979868 (D. Nev.) *10. "Declaratory relief is not a separate cause of action, but dependent on the merits of Plaintiff's substantive claims..." <u>Dela Cruz v. HSBC Bank USA, N.A.</u>, 2012 WL 3536793 (D. Nev.) *4. See, <u>Tyler v. American Home Mortgage</u>, 2011 WL 5025234 (D. Nev.) *6 ["...injunctive and

cause of action, supported only by conclusory statements, do not suffice…" Diaz v. Wells Fargo Bank, 2013 WL 275888 (D. Nev.) *1.

Trustee Corps has *never* been an owner of the Property or a trust deed beneficiary of the Property. Trustee Corps does *not* want to assert possession of the Property, and it has never had a lien on the Property. It is a foreclosure trustee, which is not asserting any adverse interest or estate in the Property. The claim should be dismissed with prejudice against Trustee Corps.

As shown by the TDUS, Freddie was the grantee purchasing the first trust deed lien, and title to the Property was transferred to Freddie. Thus, Trustee Corps cannot be unlawfully asserting an adverse claim to the Property. It has no interest in the Property. It cannot be asserting any ownership interest or lien interest. *See*, Wood v. Aegis Wholesale Corp., 2009 WL 1948844 at *5 (E.D. Cal. 2009) (applying California law); Razawi v. F.D.I.C., 2009 WL 2914120 at *7 (E.D. Cal.) (applying California law). Trustee Corps did not sell at the foreclosure sale the Property or any portion thereof to itself. Trustee Corps has *never* made and is not making *any* claim of estate or interest in the Property.

This case is very similar to First 100, LLC v. Wells Fargo Bank, N.A., 2013 WL 3678111 *3, 4 (D. Nev.). In First 100, LLC v. Wells Fargo Bank, N.A., a purchaser of an HOA lien like in the instant case brought a quiet title action against Trustee Corps which had foreclosed on a deed of trust. In that case, the U.S. District Court found:

> "MTC Financial asserts no adverse interest in the property. In fact, MTC Financial has asserted no interest whatsoever in the property. Therefore, plaintiff's cause of action for quiet title is dismissed against MTC Financial."

In another case similar to the instant one involving a purchaser of an HOA lien bringing a quiet title action against Trustee Corps where Trustee Corps which had foreclosed on a deed of trust, the U.S. District Court found:

> "Cape Jasmine's Complaint seeks a declaration under NRS 40.010 that none of the defendants has any right, title, interest or claim to the Property. Defendant MTC argues that it should be dismissed from this case because it does not have and does not claim any interest in the Property. NRS § 40.010 states that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining

declaratory relief are remedies, not independent causes of action…Both of these claims are derivative of Plaintiffs' other substantive claims."].

such adverse claim." Because MTC claims no estate or interest in the Property whatsoever, it should not be a party to this lawsuit." Cape Jasmine Court Trust v. Central Mortg. Co., 2014 WL 1305015 *6 (D. Nev.).

Consequently, the second claim fails fatally, and should be dismissed without leave to amend.

## VIII. PLAINTIFF CANNOT STATE HIS THIRD CLAIM FOR SLANDER OF TITLE AGAINST TRUSTEE CORPS

"To succeed on a slander of title claim, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages." Exec. Mgmt., Ltd. v. Ticor Title Co., 114 Nev. 823, 963 P.2d 465, 478 (1998)."

"The requisites to an action for slander of title are that the words spoken be false, that they be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result of their having been spoken." Rowland v. Lepire, 99 Nev. 308, 313, 662 P.2d 1332 (1983).

The NOD and NOT recorded by Trustee Corps were not false. See, Wensley v. Bank of Nevada, 874 F.Supp.2d 957,968 (D. Nev. 2012) ["Plaintiff does not dispute she is in default."]; see also, Barlow v. BNC Mortg., Inc., 2011 WL 4402955 *8 (D. Nev.) ["It is not false that the property was to be sold at a trustee's sale."]; Speigle v. First National Bank of Nevada, 2012 WL 553135 *4 (D. Nev.) [notice of trustee sale and notice of default not false].

Malice is explained by the Nevada Supreme Court in Rowland v. Lepire, 99 Nev. at 313, as set forth hereinafter:

"In order to prove malice it must be shown that the defendant knew that the statement was false or acted in reckless disregard of its truth or falsity....Where a defendant has reasonable grounds for belief in his claim, he has not acted with malice...Additionally, evidence of a defendant's reliance on the advice of counsel tends to negate evidence of malice." Rowland v. Lepire, 99 Nev. 308, 313 (1983)

"A plaintiff alleging a claim for slander of title must meet a heightened pleading standard." Bonner v. Specialized Loan Servicing LLC, 2011 WL 1199998 *4 (D. Nev.).

Plaintiff cannot establish as a matter law malice by Trustee Corps when is caused the NOD or NOTS to get recorded and when it provided the TDUS to Freddie. Firstly, Trustee Corps did not publish the TDUS but provided it to Freddie. Secondly, at the time the NOD, NOTS and TDUS were recorded, the Nevada Supreme Court had not decided and published its decision in

///

SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (2014) ("SFR Case"). The SFR Case was published September 18, 2014.

When Trustee Corps (and Freddie) recorded the above documents, there was much case authority in Nevada finding a first lien deed of trust was superior to and "wiped out" an HOA "super-priority' lien. This was noted by the District Court in Premier One Holdings, Inc. v. BAC Home Loans Servicing LP, 2013 WL 4048573 *3 (D.Nev.) which stated:

> "Every federal court in this district to decide this issue has held that an HOA's super priority lien does not extinguish a first position deed of trust. *See Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, no. 2:12–cv–00949–KJD–RJJ, 2013 WL 531092 (D. Nev. Feb. 11, 2013); *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, no. 2:13–cv–00164–RCJ, 2013 WL 2460452 (D. Nev. June 6, 2013); *Weeping Hollow Ave. Trust v. Spencer*, no. 2:13–cv–00544–JCM–VCF, 2013 WL 2296313 (D.Nev. May 24, 2013); *Kal–Mor–USA, LLC v. Bank of America, N.A.*, no. 2:13–cv–0680–LDG–VCF, 2013 WL 3729849; *see also Centano v. Mortgage Electronic Registration Systems, Inc.*, no. 2:11–cv–02105–GMN–RJJ, 2013 WL 3730528 (D. Nev. Aug. 28, 2012) (relying on, and justifiably so, the importance of the chronological order of recordation dates in a bank's deed of trust and an HOA's assessment); *but see SFR Investments Pool 1, LLC v. Wells Fargo Bank, N.A. et al*, no. 2:13–cv–01153–APG–PAL (granting injunctive relief in favor of the HOA)."

The foregoing was also noted in SFR Case, the courts, both Federal and State, were split as to what had greater priority a first trust deed lien or an HOA super priority lien. See, SFR Investments Pool 1 v. U.S. Bank, 334 P.3d at 412 ["Nevada's state and federal district courts are divided on whether NRS 116.3116 establishes a true priority lien."]

Further, the SFR Case may not have decided all the issues with respect to lien priority and *the law still appears unsettled as to federally insured or related mortgages*. See, Washington & Sandhill Homeowners Ass'n v. Bank of America, N.A., 2014 WL 4798565 *7 (D. Nev.) ["Because a homeowners association's foreclosure under Nevada Revised Statutes § 116.3116 on a Property with a mortgage insured under the FHA insurance program would have the effect of limiting the effectiveness of the remedies available to the United States, the Supremacy Clause bars such foreclosures sales."]. The instant loan is a Freddie loan, and Freddie has been in a Federal government conservatorship since the start of the mortgage crisis.

/ / /

/ / /

When recording documents, Trustee Corps had the right to rely on *existing* law when interpreting its position and at the time when it acted. Thus, Trustee Corps cannot be found to have acted with malice. The claim fails fatally.

Finally and as expressed above, Plaintiff cannot state a wrongful foreclosure claim against Trustee Corps. Thus, Plaintiff cannot plead derivatively a common law slander of title claim against Trustee Corps In acting as a foreclosure trustee, a foreclosure trustee's sole and only duties are limited to conducting a non-judicial foreclosure pursuant to N.R.S. 170.080 et seq. and the deed of trust.

## IX. CONCLUSION

A Court need not permit an attempt to amend a complaint if, as here, it determines that the pleading could not possibly be cured by allegations of other facts. Albrecht v. Lund, 845 F.2d 193, 195-196 (9th Cir. 1988) (no liability as a matter of law); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (amendment futile). Accordingly, the FAC as to Trustee Corps should be dismissed *without leave to amend.*

Dated: December 5, 2014

Burke, Williams & Sorensen, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067

By: /s/ *Richard J. Reynolds*
    Richard J. Reynolds
    Attorneys for Defendants, MTC
    FINANCIAL INC. dba TRUSTEE CORPS

Phillip A. Silvestri
Neal D. Gidvani
SILVESTRI GIDVANI, P.C.
1810 East Sahara Avenue, Suite 1395
Las Vegas, NV 89104

Attorneys for Defendant, MTC
FINANCIAL INC. dba TRUSTEE CORPS

# CERTIFICATE OF SERVICE

Pursuant to L.R., Part II, 5-4, I certify that I am an employee of BURKE, WILLIAMS & SORENSEN, LLP, and that on December 5, 2014, I caused to be served a true copy of the **DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' MOTION TO DISMISS WITH PREJUDICE THE PLAINTIFF'S COMPLAINT** addressed to all parties and counsel as identified on the Court-generated Notice of Electronic Filing; all counsel being registered to receive CM/ECF Electronic Filing as follows:

- **Richard J. Reynolds** – rreynolds@bwslaw.com, dwetters@bwslaw.com, psoeffner@bwslaw.com, mslobodien@bwslaw.com
- **Phillip A. Silvestri** - psilvestri@silgid.com
- **Neal D. Gidvani** - ngidvani@silgid.com
- **Margaret Schmidt** - ndv@mgalaw.com, jrm@mgalaw.com, cmb@mgalaw.com, mes@mgalaw.com, laa@mgalaw.com, jag@mgalaw.com
- **Luis A Ayon** - ndv@mgalaw.com, agh@mgalaw.com, jrm@mgalaw.com, mes@mgalaw.com, cmb@mgalaw.com, laa@mgalaw.com, jag@mgalaw.com

Patti Soeffner

IRV #4814-6322-9728 v1