**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VERN ELMER, an individual, | |
| Plaintiff, | Case No.: 2:14-cv-01999-GMN-NJK |
| vs. | |
| | **ORDER** |
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION, a National Association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Foreign Corporation; MTC FINANCIAL, INC., a Foreign Corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION, a Foreign Corporation; SCOTT B. DAVIS, an individual; KAREN L. DAVIS, an individual; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants, | |
| FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Corporation, | |
| Intervenor, | |
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION, a National Association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Foreign Corporation; and FEDERAL HOME LOAN MORTGAGE CORPORATION, a Foreign Corporation, | |
| Counter-Plaintiffs, | |
| vs. | |
| VERN ELMER; and SUNRISE RIDGE MASTER HOMEOWNERS ASSOCIATION, | |
| Counter-Defendants. | |

Pending before the Court is the Motion for Summary Judgment (ECF No. 57) filed by Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") and Intervenor Federal Housing Finance Agency ("FHFA"). Plaintiff/Counter-Defendant Vern Elmer ("Elmer") filed a Response (ECF No. 71), and Freddie Mac and FHFA filed a Reply (ECF No. 74).

## I.     BACKGROUND

The present action involves the interplay between Nevada Revised Statutes § 116.3116 and 12 U.S.C. § 4617 as it relates to the parties' interests in real property located at 6359 Pronghorn Ridge Avenue, Las Vegas, NV, 89122 (the "Property"). On September 1, 2005, Scott Davis and Karen Davis (the "Davises") obtained a loan in the amount of $248,000 from The Mortgage House, Inc. ("Mortgage House") that was secured by a Deed of Trust on the Property. (Deed of Trust, ECF No. 71-2).[1] The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and T.D. Services Co. as the trustee. (*Id.*). Freddie Mac purchased the Davis Loan on October 24, 2005 and has owned it ever since. *See* (Exs. A–B to Am. Meyer Decl., ECF No. 91-1).

On September 6, 2008, FHFA's Director placed Fannie Mae and Freddie Mac into conservatorships pursuant to HERA. *See* (Pollard Decl. ¶ 2, ECF No. 57-1).

On December 29, 2011, Nevada Association Services, Inc. ("NAS"), as agent for Sunrise Ridge Master Homeowners Association (the "HOA"), recorded a Notice of Delinquent Assessment Lien against the Property for $1,109.80. (Not. of Delinquent Assessment Lien, ECF No. 71-2). Then on February 20, 2012, NAS recorded a Notice of Default and Election to Sell, warning that the HOA would foreclose on its lien unless the assessment payments were brought up to date. (Not. of Default and Election to Sell, ECF No. 71-2). On July 3, 2012, NAS, as agent for the HOA, recorded a Notice of Foreclosure Sale, setting a foreclosure sale of

---

[1] The Court takes judicial notice of Exhibits 1–15 (ECF Nos. 71-1–71-2) of Elmer's Response. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Each of these documents is publicly recorded in the Clark County Recorder's office.

the Property on August 3, 2012. (Not. of Foreclosure Sale, ECF No. 71-2). Elmer subsequently purchased the Property as the highest bidder at the November 16, 2012 foreclosure sale. (Foreclosure Deed, ECF No. 71-2). At no time during the process did FHFA, as conservator of Freddie Mac, consent to the HOA's foreclosure. *See* (Pollard Decl. ¶¶ 3–4, ECF No. 57-1).

On March 14, 2013, MERS assigned its beneficial interest in the Deed of Trust to JPMorgan Chase Bank, N.A. ("Chase") (Assignment of Deed of Trust, ECF No. 71-2). Moreover, on May 03, 2013, Chase substituted MTC Financial Inc. dba Trustee Corps ("Trustee Corps") as the trustee of the Deed of Trust. (Substitution of Trustee, ECF No. 71-2). Shortly thereafter, on August 16, 2013, Trustee Corps recorded a Notice of Breach and Default and Election to Sell, indicating that the Davises had failed to perform obligations pursuant to the Deed of Trust. (Not. of Breach and Default and Election to Sell, ECF No. 71-2). However, on October 7, 2013, Trustee Corps recorded a Notice of Rescission. (Not. of Rescission, ECF No. 71-2). On December 13, 2013, Trustee Corps recorded a Notice of Trustee's Sale, setting a trustee sale of the Property on January 17, 2014. (Not. of Trustee's Sale, ECF No. 71-2). Freddie Mac subsequently purchased the Property as the highest bidder at the January 17, 2014 trustee sale (Trustee's Deed Upon Sale, ECF No. 71-2), and Chase assigned its beneficial interest in the Deed of Trust to Freddie Mac on March 10, 2014 (Assignment of Deed of Trust, ECF No. 71-2).

Elmer initiated this action by filing the original complaint in state court on October 21, 2014, asserting, *inter alia*, a claim for quiet title against Freddie Mac, MERS, Chase, and MTC Financial, Inc. (Compl. ¶¶ 61–69, ECF No. 1-1). MTC Financial, Inc. subsequently removed the action to this Court on December 02, 2014. (Not. of Removal, ECF No. 1). On December 12, 2014, Freddie Mac filed its Answer, asserting counterclaims against Elmer. (Ans. to Compl. & Counterclaims, ECF No. 14). On December 22, 2014, Freddie Mac filed its Amended Answer, asserting counterclaims against Elmer and the HOA. (Am. Ans. To Compl. &

Counterclaims, ECF No. 16).

On January 16, 2015, this Court entered an Order granting FHFA's unopposed Motion to Intervene. (Intervenor Order, ECF No. 36). Shortly thereafter, on February 11, 2015, Freddie Mac and FHFA filed the pending Motion for Summary Judgment. (MSJ, ECF No. 57).

On June 18, 2015, the Court held a hearing on the pending Motion for Summary Judgment, which was attended by the parties in this case as well as the parties in several related cases[2] pending before this Court involving the same issue addressed in this action's summary judgment motion. (Min. of Proceedings, ECF No. 89). After listening to the arguments presented by all parties present at the hearing, the Court took the motion under submission.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When

---

[2] These related cases are: *Williston Investment Group, LLC v. JP Morgan Chase Bank NA*, No. 2:14-cv-2038-GMN-PAL; and *Skylights LLC vs. Fannie Mae*, No. 2:15-cv-0043-GMN-VCF.

the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the

truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

In the instant Motion for Summary Judgment, Freddie Mac and FHFA request that the Court declare that "12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a superpriority lien to extinguish a property interest of Freddie Mac while it is under FHFA's conservatorship," "the HOA Sale did not extinguish Freddie Mac's interest in the Deed of Trust and thus did not convey the Property free and clear to Plaintiff," and "Freddie Mac's interest in the Property is superior to the interest of Plaintiff." (Mot. Summ. J. 13:21–14:5, ECF No. 57).

The Court addressed the applicability of 12 U.S.C. § 4617(j)(3) in *Skylights LLC v. Fannie Mae*, 2015 WL 3887061 (D. Nev. June 24, 2015).  After addressing many different arguments regarding the applicability of section 4617(j)(3), the Court held that the plain language of section 4617(j)(3) prohibits property of FHFA from being subject to a foreclosure without its consent. *Id.* at *10.

Here, Freddie Mac has held an interest in the Property since October 24, 2005. *See* (Exs. A–B to Am. Meyer Decl., ECF No. 91-1).  Accordingly, because FHFA held an interest in the Deed of Trust as conservator for Freddie Mac prior to the HOA foreclosure, section 4617(j)(3) prevents the HOA's foreclosure on the Property from extinguishing the Deed of Trust.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Freddie Mac and FHFA's Motion for Summary Judgment (ECF No. 57) is **GRANTED**.  The Court finds that 12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure

of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac while those entities are under FHFA's conservatorship. Accordingly, the HOA's foreclosure sale of its super-priority interest on the Property did not extinguish Freddie Mac's interest in the property secured by the Deed of Trust or convey the Property free and clear to Elmer.

**IT IS FURTHER ORDERED** that Freddie Mac, FHFA, the Davises, Chase, and MERS are granted summary judgment on Elmer's claims for quiet title.

**DATED** this 13th day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge